IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:23-cv-02146

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

       Plaintiff,

v.

8COUPONS, INC.,

       Defendant.

_____

## COMPLAINT

1.      Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendant 8Coupons, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

2.      Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

3.      Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 116 W 23rd St New York, NY 10011. Defendant's agent for service of process is United States Corporation Agents, Inc. at 651 N. Broad Street, Suite 201, Middletown, DE 19709.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contact with New York such that the exercise of personal jurisdiction over

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

it would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." <u>Cavu Releasing, LLC. v. Fries</u>, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." <u>Noble v. Crazetees.com</u>, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

<u>**FACTS**</u>

**I.      Plaintiff's Business**

7.      Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8.      Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service that provides access to/license of tens of thousands of professional images.

9.      Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

10.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, non-transferable

license for use of any photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff, and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.     The Work at Issue in this Lawsuit

### A.  The First Photograph

12.     In 2005, a professional photographer created a photograph titled "SpaghettiMeatball012_ADL" (the "First Photograph").  A copy of the First Photograph is exhibited below:



13.     The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on February 12, 2017 and was assigned Registration No. VA 2-012-581.  A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

14.     Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

### B.  The Second Photograph

15.     In 1999, a professional photographer created a photograph titled

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

"BeefRibEyeGrlMrk006_ADL" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



16.    The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 13, 2017 and was assigned Registration No. VA 2-047-019.  A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

17.    Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

### C.  The Third Photograph

18.    In 2005, a professional photographer created a photograph titled "WrapTurkey004" (the "Third Photograph").  A copy of the Third Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



19.    The Third Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on September 20, 2016 and was assigned Registration No. VA 2-017-741.  A true and correct copy of the Certification of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

20.    Plaintiff is the owner of the Third Photograph and has remained the owner at all times material hereto.

21.    The First Photograph, Second Photograph, and Third Photograph are collectively referred to herein as the "Work."

**III.    Defendant's Unlawful Activities**

22.    Defendant is an online platform for coupons and vouchers that allows businesses to advertise on Defendant's website or mobile application.

23.    8Coupons advertises/markets its business primarily through its website (https://www.8coupons.com/) and other forms of advertising.

24.    On a date after Plaintiff's above-referenced copyright registration of the First Photograph,    Defendant    published    the    First    Photograph    on    its    website    (at

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

https://www.8coupons.com/stores/local/little-italy-tourism-san-diego-92101-619-233-3898)    in

connection with the promotion of "Little Italy Tourism Deals in San Diego, CA 92101":



25.    On a date after Plaintiff's above-referenced copyright registration of the Second

Photograph,    Defendant    published    the    Second    Photograph    on    its    website    (at

https://www.8coupons.com/stores/local/illiano-s-italian-restaurant-over-ocean-asbury-park-

07712    and    https://www.8coupons.com/stores/local/avon-pavilion-bradley-beach-07720)    in

connection with the promotion of The Butcher's Steakhouse:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



26.    On a date after Plaintiff's above-referenced copyright registration of the Third Photograph, Defendant published the Third Photograph on its website (at https://www.8coupons.com/stores/local/we-deliver-cookeville-38501) in connection with the promotion of We Deliver (a delivery service):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

27.   A true and correct copy of the screenshot of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "D."**

28.   Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with the advertising of its business or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

29.   Defendant utilized the Work for commercial use – namely, in connection with the marketing and promotion of several third-party partner businesses.

30.   Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

31.   Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the First Photograph on September 14, 2022, the Second Photograph on March 15, 2020, and the Third Photograph on November 30, 2022.   Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.   To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

32.   All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

33.   Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

34.   Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

States copyright laws (17 U.S.C. § 101 *et seq.*).

35.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

36.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

37.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

38.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

39.     Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for vicarious or contributory infringement.

40.     "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 549–550 (4th Cir. 2004).

41.     "Under a theory of vicarious liability, a defendant who 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities' is similarly liable." Id. at 550 (quoting Gershwin Publishing Corp., 443 F.2d at 1162).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

42.    "Under a theory of contributory infringement, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another' is liable for the infringement, too." Id. at 550 (quoting Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).

43.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 8coupons inc."), indicating that 8Coupons understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….").  Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

44.    Defendant's willfulness is further demonstrated by its surreptitious (and frankly

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

unethical) conduct after its hand was caught in the proverbial cookie jar.   Rather than acknowledge the infringement, Defendant's counsel instead blamed Plaintiff and accused it of fabricating screenshots (notwithstanding that the Wayback Machine has itself captured a screenshot of the infringement).   Defendant and its counsel likewise lied about the existence/content of Defendant's DMCA policy, making changes thereto within hours of an inquiry being made by Plaintiff's counsel and then actively misrepresenting that such changes were made months earlier.   When confronted/challenged on this point, Defendant's counsel openly accused Plaintiff's counsel of manufacturing/faking screenshots of Defendant's website/DMCA policy and threatened to take legal action if Plaintiff opted to pursue this matter.

45.   Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

46.   Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

47.   Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

48.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

49.   Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.   Plaintiff has no adequate remedy at law.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

    **WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: March 14, 2023

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
       Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228